GREEN v. GREEN.

(Filed June 3, 1902.)

1. CONTEMPT—*Findings of Court—Appeal.*

In proceedings in contempt the facts found by the trial judge are not reviewable, except for the purpose of passing upon their sufficiency to warrant the judgment.

2. CONTEMPT—*Judgment—Imprisonment—Divorce—Alimony.*

Where the trial judge finds that the party in contempt for failure to pay alimony could pay a part of the amount ordered, it was error to imprison him until he should pay the whole amount.

ACTION by Maggie V. Green against John A. Green, heard by Judge *George A. Jones,* at Chambers, at Bryson City, N. C., October 31, 1901. From a judgment for the plaintiff, the defendant appealed.

*Robert D. Gilmer* and *Walter E. Moore,* for the plaintiff.
*C. C. Cowan,* for the defendant.

MONTGOMERY, J. In proceedings in contempt the facts found by the Judge are not reviewable by this Court, except for the purpose of passing upon their sufficiency to warrant the judgment. *Young v. Rollins,* 90 N. C., 125. The judgment (one of imprisonment) in this matter—a proceeding in contempt against defendant, who had failed to pay an amount of money to the plaintiff as alimony *pendente lite*—can not be sustained on the facts found by his Honor. The Judge who heard the proceedings in contempt recited the findings of fact made by the Judge who granted the order allowing alimony, and added two others in words as follows: "I further find that said defendant could have paid at least a portion of said money, as provided in said order, and that he has wilfully and contemptuously failed to do so. I further find that he is a

healthy and able-bodied man for his age, being now about fifty-nine years old." So, notwithstanding the finding of the fact that the defendant was able to pay only a part of the amount ordered to be paid, he was to be committed to the common jail until he should comply with the order making the allowance in the nature of alimony, that is, until he should pay the whole amount. Clearly the judgment can not be supported on that finding of fact. The finding that the defendant was an able-bodied man is of no consequence in this proceeding. That fact was not found when the order allowing alimony was made, and that condition of body could be of no benefit to a man in jail. In *Muse v. Muse,* 84 N. C., 35, alimony was allowed the wife *pendente lite* at the rate of three dollars per month, payable in the future, the husband having denied that he had any property, but conceded himself to be an able-bodied man." If it had become necessary to enforce the payment of the amount allowed in that case by proceedings in contempt, certainly it would have been a sufficient answer on the part of the husband to have shown that he had afterwards become unable to labor or unable to procure employment after diligent endeavor to do so. In the case before us, if the order allowing alimony twenty-five dollars within five days and twelve and one-half dollars monthly thereafter had been based on the finding that the defendant was an able-bodied man fifty-nine years old, certainly an order committing him to jail for non-compliance would be dissolved if it appeared that he could not earn so much by manual labor. He made that answer in his affidavit, although, as we have seen, he was not required to do so because the order for alimony was not based on the finding that he was able-bodied.

There was Error.