BARNHILL, J., took no part in the consideration or decision of this case. *Page 190 
This is a petition in the cause made by defendant setting forth the allegations she relies on to support her contention. The prayer is as follows:
"1. That a citation issue requiring the plaintiff, Ross L. Vaughan, to show cause before your Honor, if any he has, why he has not complied with the order made by M. V. Barnhill, Judge, on 10 October, 1936; and, further, why he should not be adjudged in contempt of court for failing to comply with said order.
"2. That the plaintiff, Ross L. Vaughan, be required to forthwith pay the counsel fees heretofore allowed, and that the court order him to forthwith pay in addition thereto reasonable counsel fees for the services rendered by said attorneys in connection with this cause in the Supreme Court of North Carolina, and that he be required to forthwith make reasonable payment to the defendant's attorneys for service to be rendered by them in the Superior Court of Nash County in connection with this trial upon its merits.
 MRS. ELIZABETH S. VAUGHAN, Petitioner."
The plaintiff was cited to appear before his Honor, Williams, J., at Wilson, N.C. at 10 o'clock a. m. on "Thursday, 7 October, 1937, and show cause, if any you may have, why you have not complied with the order that was made on 10 October, 1936, by his Honor, M. V. Barnhill, Judge; and further show cause why you should not be adjudged in contempt of court for your failure to comply therewith.
"You will further show cause, if any you may have, why an order should not be made by this court requiring you to forthwith comply with the order heretofore made, and in addition thereto pay to counsel for the defendant, Elizabeth S. Vaughan, a reasonable sum for the services rendered in the Supreme Court of North Carolina, in connection with your appeal from the order made by Barnhill, Judge, and a further reasonable sum for services to be rendered by said counsel upon the trial of this cause upon its merits, which is now calendared for trial on 12 October, 1937."
The plaintiff answered and denied the material allegations of the complaint, and in further answer says:
"That he is not now, nor has been at any time, in contempt of any order or direction made by the court in respect to the matters set out in the petition. That so far as he was able to do, this respondent has faithfully carried out and performed the direction contained in the order and orders made in this cause. If the respondent, as before stated, *Page 191 
has not complied with said orders to pay to the defendant, his child, and attorneys for the defendant the amounts directed to be paid, it is because the respondent was absolutely unable to do so, and he is advised that, having done the best he could in the circumstances in which he found himself and without any evil purpose or intent, he could not or ought not to be held in contempt, since to do so would be holding the respondent liable or responsible for something or to do something which was not in his power or by any means that he had or was able to control."
The plaintiff also sets forth in detail his "financial transactions, ability, and resources," etc., and alleges:
"That the respondent has no income from any source other than that mentioned in this answer. Necessarily he has maintained himself in as economical manner as was possible, and in a large measure he has done this on money advanced by those who had liens on his crops and personal property. He has paid for the maintenance and support of his child since the order of Judge Barnhill $220.00, or an average of $20.00 per month.
"That the amount fixed by Judge Barnhill's order, $60.00 per month, is absolutely and entirely beyond the reach or the means of this respondent to pay. That the order directing the payment of said $60.00 per month should be stricken out and some amount fixed commensurate with the ability of the respondent to pay. That the attorney's fees have not been paid for the reason that the respondent did not have the money nor has it now nor could he borrow it. If the respondent had possessed the means to do so he would have paid the amount of said fees as well as that ordered to be paid to the defendant and child.
"That respondent says that in addition to furnishing the statements hereinbefore made concerning his financial transactions, ability, and resources, he stands ready to furnish any further details concerning the same that may be desired by the court.
"This respondent, as first above stated, has not purposed or intended at any time to violate willfully or to disobey any term or direction contained in the order of Judge Barnhill, as is set out in the petition. He has not complied with the direction of said order because he has been and is now financially unable to do so. He has not at any time intended to be disrespectful to the court, and he has not been guilty of any willful disregard of the order of the court, and he has had no intent to disregard said order nor to do anything not respectful to the court.
"Wherefore, this respondent, having fairly, fully, and honestly answered the allegations of the petition, respectfully prays your Honor that the rule requiring him to show cause be discharged, and that the allowance of alimony and attorney's fees in the order of Judge Barnhill *Page 192 
be stricken out, or that it be reduced to an amount commensurate with respondent's financial condition and ability to pay.
 ROSS L. VAUGHAN, Plaintiff."
The plaintiff testified in detail as to his financial condition and also filed affidavits of many corroborating him. The following judgment was rendered by the court below:
"This cause duly came on to be heard and was heard before his Honor, Clawson L. Williams, Judge, at Nashville, N.C. on 11 October, 1937, upon a citation heretofore issued in this cause requiring the plaintiff, Ross. L. Vaughan, to show cause why he should not be adjudged in contempt of court for his failure to comply with the order entered in this cause on 10 October, 1936, by his Honor, M. V. Barnhill, Judge. The plaintiff and the defendant were present in court and were represented by counsel; and after hearing the affidavits and other evidence offered by the parties, the court finds the facts to be as set forth in the affidavit and petition made by the defendant, Elizabeth S. Vaughan, on .... October, 1937, and on which said citation was based; and the court further finds as a fact that the plaintiff, Ross L. Vaughan, has been, and is now, financially able to comply with the order made by his Honor, Judge Barnhill; and the court further finds as a fact that the plaintiff, Ross L. Vaughan, has willfully and contemptuously neglected and failed to comply with the said order of the court, and that he is now indebted to the defendant, Elizabeth S. Vaughan, in the sum of $710.00 for alimony and counsel fees which have accrued under said order to this date; and the court further finds as a fact that the said Ross L. Vaughan is in contempt of court.
"It is hereupon ordered and adjudged:
"1. That the defendant, Mrs. Elizabeth S. Vaughan, have and recover of the plaintiff, Ross L. Vaughan, the sum of $710.00, which is now due and payable under the order entered herein on 10 October, 1936. It is further ordered and adjudged that the plaintiff, Ross L. Vaughan, pay said amount into the office of the clerk of the Superior Court of Nash County for the use and benefit of the defendant. It is further ordered and adjudged that this judgment shall constitute, and it is hereby declared to be, a lien on all of the real and personal property of the plaintiff, Ross L. Vaughan." The judgment further was left in contempt and sentence pronounced.
The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.
This action has heretofore been before this Court. Vaughan v. Vaughan,211 N.C. 354.
The judgment of Barnhill, J., as to the payment by plaintiff to defendant of $60.00 per month alimony pendente lite for the support of herself and infant child and reasonable attorney's fees was sustained. The plaintiff did not comply with the order of the court and the petition now considered is to compel plaintiff to pay the judgment and the attorney's fees or be punished for contempt. In the judgment is the following:
"That the plaintiff, Ross L. Vaughan, is in contempt of court because of his willful failure and neglect to comply with the said order of Judge Barnhill. It is, therefore, considered, ordered, and adjudged by the court that the respondent, Ross L. Vaughan, is sentenced to be committed to and confined in the common jail of Nash County, N.C. until he complies with said order of Barnhill, Judge, of 10 October, 1936."
N.C. Code, 1935 (Michie), sec. 978: "Any person guilty of any of the following acts may be punished for contempt: . . . Sec. 4. Willful disobedience of any process or order lawfully issued by any court." In reOdum, 133 N.C. 250 (251-2); West v. West, 199 N.C. 12; Nobles v.Roberson, 212 N.C. 334 (337). In In re Hege, 205 N.C. 625 (630), we find:
"We think that evidence should be taken by the clerk on all the disputed matters and a complete statement of the account made up by him and his conclusion of law found thereon. From the present state of the record we cannot hold that there was a willful disobedience of any process or order lawfully issued by the clerk."
We think the court below should take an inventory of the property of the plaintiff; find what are his assets and liabilities and his ability to pay and work — an inventory of his financial condition. From the facts found, determine if plaintiff is financially able to pay the $60.00 per month for his wife and child and attorney's fees according to the judgment of Judge Barnhill. If his failure to do so was a willful disobedience to the order of Judge Barnhill, then punish him for contempt.
From the record it seems that plaintiff has paid $20.00 each month for the support of his child, but has refused to pay anything for the support of his wife. If he can, and did not, this is evidence of his willful disobedience to the order of Judge Barnhill. From the present state of the record we cannot hold that there was a "willful disobedience of any process or order lawfully issued by any court."
For the reasons given, the cause is
Error and remanded.
BARNHILL, J., took no part in the consideration or decision of this case. *Page 194