EDITH DYER v. JOHN W. DYER.

(Filed 25 May, 1938.)

**1. Contempt of Court § 5: Appeal and Error § 37e—**

The court's finding that petitioner's continued refusal to pay alimony was willful, supports the court's judgment refusing to grant the petition for release for financial inability to pay, and the finding is conclusive on appeal when supported by evidence.

**2. Contempt of Court § 2a—**

Criminal contempt is the commission of an act tending to interfere with the administration of justice, C. S., 978, while civil contempt is the remedy for the enforcement of orders in the equity jurisdiction of the court, C. S., 985, and the willful refusal to pay alimony as ordered by the court is civil contempt.

**3. Contempt of Court § 6—Power to punish for civil contempt is not limited to thirty days imprisonment.**

Punishment for civil contempt is not limited to thirty days imprisonment, C. S., 981 not being applicable to civil contempt, and a petition for release from imprisonment for willful refusal to pay alimony on the ground that the court exceeded its authority in not limiting the imprisonment to thirty days, is properly refused, but defendant need not serve indefinitely and may obtain his discharge upon a proper showing under appropriate proceedings.

APPEAL by defendant from *Bivens, J.,* at February Term, 1938, of GUILFORD. Affirmed.

The defendant was committed to jail in a civil proceeding as for contempt, in disobeying the order of the court by refusal to pay alimony. The order under which he is incarcerated does not describe any definite term of imprisonment but requires him to be confined in jail "until he has made the payments required under said judgment of 27 April, 1934, and until he complies with the order of this court, or is otherwise discharged according to law."

At a subsequent time, after having remained in jail for thirty days, the defendant, conceiving himself to be improperly detained, filed a petition in the cause before Bivens, J., at February Term, 1938, of Guilford Superior Court, setting up his financial and physical inability to comply with the judgment, asking a modification thereof, and asking for his release, both upon the ground of his inability to pay and because of the fact, as contended by him, his original confinement was under an order made in excess of the constitutional and statutory authority of the court, in that the court could only have confined him in prison for a contempt in this connection for thirty days, which time had elapsed.

The petition was heard by Bivens, J., evidence was taken, and the judge refused to release defendant from prison, finding as a fact that his continued refusal to pay alimony was willful. From this judgment defendant appealed.

*R. T. Pickens for plaintiff, appellee.*
*Gold, McAnally & Gold and C. N. Cox for defendant, appellant.*

PER CURIAM. The defendant petitioned in the pending cause asking for a modification of the original order granting alimony and for his discharge because of his inability to pay it.

The defendant is bound by the facts adversely found by the court below upon competent evidence, and is not entitled to relief in this Court. *Lodge v. Gibbs,* 159 N. C., 66, 69; *Bank v. Chamblee,* 188 N. C., 417, 124 S. E., 748. His contention that the court was without power to make an order, the effect of which might be to confine him in jail for more than thirty days, is without merit. *Green v. Green,* 130 N. C., 578, 41 S. E., 784; *Cromartie v. Comrs.,* 85 N. C., 211.

Criminal contempt is a term applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. C. S., 978. Civil contempt is a term applied where the proceeding is had "to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties." 12 Am. Jur., Contempt, section 6. Resort to this proceeding is common to enforce orders in the equity jurisdiction of the court, orders for the payment of alimony, and in like matters. In North Carolina, such proceeding is authorized by statute. C. S., 985.

The contempt with which we are dealing in the present case falls within the latter category and is unaffected by C. S., 981, prescribing a thirty-day limit to imprisonment for contempts falling within the provisions of the preceding sections. *Green v. Green, supra; Cromartie v. Comrs., supra; Thompson v. Onley,* 96 N. C., 9, 5 S. E., 120.

One who is imprisoned for contempt in an alimony case need not serve indefinitely. There are other proceedings under which he might obtain his discharge upon a proper showing. Under this proceeding, however, such relief may not be given.

The judgment is therefore

Affirmed.