RACHEL COOPER LAMM v. DELTON LAMM.

(Filed 22 September, 1948.)

**1. Contempt of Court § 2b—**

Failure to obey a court order cannot be punished for contempt unless the disobedience is willful, which imports knowledge and a stubborn purpose.

**2. Same—**

Where defendant testifies that his failure after knowledge to obey a court order for the payment of alimony *pendente lite* was due to his lack of financial means, and no evidence is presented at the hearing tending to negative the truth of defendant's explanation or to establish as an affirmative fact that he possessed the means wherewith to comply with the order, the court's finding that defendant willfully disobeyed the order

is not supported by the record, and judgment committing him to imprisonment for contempt must be set aside.

APPEAL by defendant from *Bone, J.,* 15 May, 1948, in action in the Superior Court of NASH County.

This is an action for alimony without divorce under G. S., 50-16. On 7 February, 1948, an order was entered in the cause after due notice to the defendant commanding him to pay to the plaintiff the sum of $50.00 per month, commencing 14 February, 1948, as alimony pending the trial, and $75.00 as attorney fees. The defendant did not appear before the court when the order was made. Thereafter, the court granted a rule on application of plaintiff requiring the defendant to appear and show cause on 15 May, 1948, why he should not be attached for contempt for failing to pay support money and counsel fees in conformity with the order.

The plaintiff offered no evidence on the hearing beyond testimony showing that the defendant had failed to pay the alimony and counsel fees ordered paid by the court. The defendant offered this explanation : "That he was out of the county when the order in this original action was made and was also out of the State and that he had no information of the order rendered in this cause February 7, 1948; that he was looking for work and that he does not have nor has he had the means to comply with said order; . . . that the first notice that he had about the order rendered February 7, 1948, was when this order to 'Show Cause' was served on him April 30, 1948; that at the present time he is working for the State Highway Commission and has only worked for them for two weeks and that he has only received $25.00 from said employment; that he does not own any property nor have any money with which to comply with said order and that he has not wilfully disobeyed the order of the Court."

Whereupon, the court found as a fact that the defendant had willfully disobeyed the order for the payment of alimony and counsel fees, adjudged him to be guilty of contempt by reason thereof, and ordered "that he be placed in the common jail of Nash County until he has complied with the order of February 7, 1948, or until he is otherwise discharged in the manner prescribed by law." From this ruling, the defendant appealed, assigning errors.

*L. L. Davenport for plaintiff, appellee.*
*O. B. Moss for defendant, appellant.*

ERVIN, J. A person cannot be punished for contempt in failing to obey an order issued by a court unless his disobedience is willful. G. S.,

5-1, subsection 4.   One acts willfully when he acts knowingly and of stubborn purpose.   *West v. West,* 199 N. C., 12, 153 S. E., 600; *In re Hege,* 205 N. C., 625, 172 S. E., 345.   Manifestly, one does not act willfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered.   As no testimony was presented at the hearing upon the rule to show cause tending to negative the truth of the explanation made by defendant, or to establish as an affirmative fact that he possessed the means wherewith to comply with the order for alimony and counsel fees at any time after the entry of such order, the finding that the defendant willfully disobeyed the order of the court is not supported by the record, and the judgment committing him to imprisonment for contempt must be set aside.   *Smithwick v. Smithwick,* 218 N. C., 503, 11 S. E. (2d), 455; *Berry v. Berry,* 215 N. C., 339, 1 S. E. (2d), 871; *Vaughan v. Vaughan,* 213 N. C., 189, 195 S. E., 351; *West v. West, supra.*   It is so ordered.

Error and remanded.