VIRGINIA PIERCE BASNIGHT v. T. G. BASNIGHT, JR.

(Filed 28 September, 1955.)

**1. Divorce § 16—**

Judgment of contempt for wilful refusal of defendant to make payments to his wife in compliance with a former order of the court is erroneous when it directs that defendant be committed to jail for an indefinite period rather than for thirty days as prescribed by statute, G.S. 5-4.

**2. Appeal and Error § 38—**

Where the Supreme Court is unanimous in opinion that the judgment should be modified, but is evenly divided in opinion as to whether prejudicial or reversible error otherwise has been shown, the judgment will be modified and affirmed.

APPEAL by defendant from *Bone, J.,* at May Term, 1955, of PITT.

Contempt proceedings in civil action for subsistence under G.S. 50-16.

The court below, on facts found, concluded and adjudged that the defendant is in contempt of court for wilful and contumacious failure and refusal to make payments to his wife in compliance with a former order of the court. The judgment decrees that the defendant be confined in jail "until he shall have complied" with the former order, "or until he is otherwise discharged according to law."

From the judgment so entered, defendant appeals.

*James & Speight for plaintiff, appellee.*
*James & Hite for defendant, appellant.*

PER CURIAM. Two members of the Court, *Winborne* and *Higgins, JJ.,* not sitting, but with *Devin, Emergency Justice,* participating in lieu of *Winborne, J.,* and the Court being of the unanimous opinion that the judgment entered below is erroneous in directing that the defendant be committed to jail for an indefinite period rather than for thirty days as prescribed by statute, G.S. 5-4, but with the six sitting members of the Court being evenly divided in opinion whether prejudicial or reversible error otherwise has been shown, the judgment below will be modified so as to limit the defendant's confinement in jail to thirty days. Subject to this modification, the judgment is affirmed in accordance with the precedents which require a majority vote to overthrow a judgment of the Superior Court. *Alexander v. Autens Auto Hire,* 175 N.C. 720, 95 S.E. 850.

Modified and affirmed.