JOHN O. SMITH v. MYRTLE IRENE KINNEY SMITH (BURROW)

(Filed 20 November, 1957)

1. **Contempt of Court § 3: Divorce and Alimony § 20—**

   A decree of court entered in divorce proceedings that the husband, pursuant to the agreement of the parties, should pay a stipulated sum monthly for the support of the child of the marriage in the custody of the mother, is sufficient in form to be enforced by attachment for contempt, G.S. 50-13, since even though the payments were fixed by consent they were decreed by the court to be fulfilled by the husband.

2. **Contempt of Court § 6: Divorce and Alimony § 20—Court must find that disobedience of decree was willful in order to impose punishment for contempt.**

   Where, upon the hearing of an order to show cause why the husband should not be attached for contempt for failure to make payments for the support of his child as decreed by the court in accordance with an agreement between husband and wife, the husband offers evidence that he reduced the amount of the monthly payments for the support of the child because the mother had breached the agreement between the parties, not incorporated in the decree, that the husband should take the child as a dependent for income tax deduction, and that he was unable to make payments in excess of the smaller sum, it is error for the court to adjudge the husband in contempt without a finding that his failure to comply with the terms of the decree was willful.

APPEAL by plaintiff from *Sink, E. J.,* at September Term, 1957, of RANDOLPH.

Contempt proceedings in civil action for absolute divorce.

The plaintiff husband instituted the action. It was tried at the December Term, 1952, and resulted in a decree of absolute divorce. At the same term the presiding judge entered an order fixing custody and providing for the support of John Wayne Smith, child of the parties. The pertinent parts of the order are as follows:

"This cause coming on to be heard before the undersigned Judge Presiding at the December 1952 Civil Term of Superior

Court of Randolph County on the matter of custody of John Wayne Smith, age 5, the child of the parties hereto, and the provision of maintenance and support for said child, and it appearing to the Court that the parties have agreed to such matters:

"It is, therefore, ordered, adjudged and decreed pursuant to the agreement of said parties that Myrtle Irene Kinney Smith shall be, and she is hereby awarded the permanent custody of the minor child, John Wayne Smith, and that the plaintiff shall so long as he is a member of the U. S. Army, regular or reserve on active duty, guarantee that the sum of $77.10 be deposited in the office of the Clerk of Superior Court of Randolph County monthly beginning December, 1952, to be paid by the Clerk to Myrtle Irene Kinney Smith for the use and benefit of the plaintiff's son, John Wayne Smith. That the plaintiff shall have deposited this monthly sum and it shall come from either his quarters allowance, dependency pay of the U. S. Army, or from his own pay regardless of his rank or dependency pay or quarters allowance by the U. S. Government and shall continue so long as he stays in the Armed Forces."

There has been no modification of the foregoing order. The child is still in the custody of the mother. Both parents have remarried.

On motion of the defendant and by order of Judge Olive dated 3 September, 1957, the plaintiff was required to show cause why he should not be attached for contempt for failure to comply with the terms of the former order. On return of the order to show cause, the motion of the defendant was heard before Judge SINK at the September, 1957, Term of court. The plaintiff offered evidence tending to show that for some considerable time after the original order was entered he made the required monthly payments of $77.10 for the support of the child; that thereafter he reduced the monthly payments to $44.10; that in all he has paid the sum of $4,542.86 for the support of the child. The plaintiff by answer, used as an affidavit, asserted that when the original order was entered in 1952 it was agreed between the parties, though not incorporated in the order, that the plaintiff, in recognition of the payments he was to make for the support of the child, should claim him as a dependent for income tax purposes; that the defendant thereafter breached the agreement and claimed the child as a dependent for herself for income tax purposes; that the Federal Department of Internal Revenue has allowed the defendant's claim and has disallowed the plaintiff's; that as a result, a deficiency levy has been made against the plaintiff by the Federal Government. The plaintiff in his answer asserted

he is unable to pay more than $44.10 per month for the support of the child and prayed the court that the original order be modified so as to require the payment of only that amount.

At the conclusion of the hearing Judge Sink entered an order, dated 30 September, 1957, in which he found and concluded that the collateral agreement asserted by the plaintiff was no defense to the citation for contempt, and held as a matter of law that the plaintiff is in contempt of the court.

From the order entered in accordance with the foregoing ruling, the plaintiff appeals.

*Ottway Burton for plaintiff, appellant.*
No counsel *contra.*

JOHNSON, J. The order requiring the plaintiff to make payments for the support of his child is sufficient in form to be enforced by attachment for contempt. True, the order was entered by consent of the parents, but even so, the child was under the protective custody of the court. G.S. 50-13. And the terms of the order in respect to maintenance payments to be made by the father, though fixed by consent, were nonetheless decreed by the court to be fulfilled by the father. The case is controlled by the principles applied in *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576. The decision in *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118, is factually distinguishable.

However, the order attaching the plaintiff for contempt is fatally defective in that it is not supported by a finding of fact that the conduct of the plaintiff in failing or refusing to make the payments required by the former order of the court was willful. Our contempt statute, G.S. 5-1, provides: "Any person guilty of any of the following acts may be punished for contempt: . . . 4. Willful disobedience of any process or order lawfully issued by any court." Our decisions uniformly hold that in contempt proceedings it is necessary for the court to find the facts supporting the judgment and especially the facts as to the purpose and object of the contemner, since nothing short of "willful disobedience" will justify punishment. In *re Odum,* 133 N.C. 250, 45 S.E. 569; *West v. West,* 199 N.C. 12, 153 S.E. 600; In *re Hege,* 205 N.C. 625, 172 S.E. 345; *Lamm v. Lamm,* 229 N.C. 248, 49 S.E. 2d 403; *Ponder v. Davis,* 233 N.C. 699, 65 S.E. 2d 356.

For failure of the court to find the necessary supporting facts, the order must be stricken out, and the cause will be remanded for further proceedings. See *Basnight v. Basnight,* 242 N.C. 645, 89 S.E. 2d 259.

Error and Remanded.