JOHN O. SMITH v. MYRTLE IRENE KINNEY SMITH

(Filed 30 April, 1958.)

**1. Contempt of Court § 3:    Divorce and Alimony § 20—**

Where the husband introduces evidence that his failure to pay sums for the support of his minor child in accordance with decree of court was due to his financial inability, judgment confining the husband for wilful failure to comply with the order without any finding in respect to his ability to pay during the time of his alleged delinquency, must be set aside and the cause remanded, since in such instance the finding that the husband's failure to make the payments was wilful and deliberate is not supported by the record.

**2. Contempt of Court § 7—**

Wilful failure and refusal of a party to make payments for the support of his child in accordance with decree of court is civil contempt, and the court may order him into custody until he shows compliance or is otherwise discharged according to law, G.S. 5-8. G.S. 5-4, limiting sentence of confinement for a period not exceeding thirty days, is not applicable.

BOBBITT, J., concurring in result.
JOHNSON, J., joins in concurring opinion.

APPEAL by plaintiff from Olive, J., at February 3, 1958 Term, of RANDOLPH.

Contempt proceedings in civil action for absolute divorce heard on

SMITH *v.* SMITH.

order to plaintiff to show cause why contempt order should not issue for willful refusal to pay support for his minor child pursuant to consent judgment.

The case was here on former appeal reported in 247 N.C. 223, 100 S.E. 2d, 370, where the factual situation is described. On that appeal the Court found that the order attaching plaintiff in contempt is fatally defective in that it was not supported by a finding of fact that the conduct of plaintiff in failing or refusing to make the payments required by the former order of the Court was willful. And the case was remanded for further proceedings.

On rehearing before Olive, J., pursuant thereto, plaintiff and defendant were present and represented by counsel, and each offered written evidence.

Plaintiff, in affidavit filed 13 February, 1958, reiterated statement made by him in his affidavit of 30 September, 1957, that he is unable to pay more than $44.22 per month out of his total earnings for the support of his child, and again moved that the amount for the support of his child be reduced to the sum of $44.22 per month, and also prayed that he be not adjudged in contempt of court.

And the record (1) shows that the judge failed to take note of the motion to reduce the amount of payments, and (2) fails to show any finding of fact one way or the other in respect to plaintiff's ability to pay during the time of his alleged delinquency.

However, the judge found as a fact that plaintiff arbitrarily and intentionally failed and refused to pay the amount he had agreed to pay, and concluded that his failure so to do was willful, and thereupon it was adjudged that plaintiff is in contempt of court therefor. Pursuant thereto the judge ordered plaintiff into the custody of the sheriff and that he be confined in the county jail of Randolph County until he shall have shown compliance with the orders of the court for the payment of arrears, and not be otherwise released.

To judgment in accordance therewith plaintiff excepts, and appeals to Supreme Court and assigns error.

*Ottway Burton, Don Davis for plaintiff, appellant.*
*Ferree & Anderson for defendant, appellee.*

WINBORNE, C. J.:   Plaintiff appellant challenges the judgment from which appeal is taken upon the grounds that the trial judge erred, first in failing to make finding of fact in respect to his, plaintiff's, inability to pay more than he has paid, and second, in ordering imprisonment of plaintiff as specified.

The first point on which the challenge is made, as above stated, is, in the light of established principles set forth in decisions of this Court,

well taken. See *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867, in which in opinion by Parker, J., it is said: "The lower court has not found as a fact that the defendant possessed the means to comply with the orders for payment of subsistence *pendente lite* at any time during the period when he was in default in such payments. Therefore, the finding that the defendant's failure to make the payments of subsistence was deliberate and willful is not supported by the record, and the decree committing him to imprisonment for contempt must be set aside," citing *Lamm v. Lamm,* 229 N.C. 248, 49 S.E. 2d 403; *Smithwick v. Smithwick,* 218 N.C. 503, 11 S.E. 2d 455; *Berry v. Berry,* 215 N.C. 339, 1 S.E. 2d 871; *Vaughan v. Vaughan,* 213 N.C. 189, 195 S.E. 351; *West v. West,* 199 N.C. 12, 153 S.E. 600.

These cases sustain the same proposition that if the husband gives evidence on his inability to pay, there must be finding of fact by the court in respect thereto. And in the instant case there is such evidence.

Now we turn to the second ground upon which plaintiff appellant challenges the judgment below as above set forth.

In this connection we find it said in 12 Am. Jur. 392, Contempt, Sec. 6, that "Proceedings for contempt are of two classes— namely, Criminal and Civil. Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders. Civil contempt proceedings are those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties. The former are criminal and punitive in their nature, and the government, the courts, and the people are interested in their prosecution. The latter are civil, remedial and coercive in their nature, and the parties chiefly interested in their conduct and prosecution are those individuals for the enforcement of whose private rights and remedies the suits were instituted * * * It is, however, a civil, and not a criminal, contempt for a person to fail to comply with an order of a court requiring him to pay money for his wife's support * * * ."

We find that in *Dyer v. Dyer,* 213 N.C. 634, 197 S.E. 157, this Court had before it the point now considered. There this Court held that the defendant's "contention that the court was without power to make an order, the effect of which might be to confine him in jail for more than thirty days, is without merit," citing *Green v. Green,* 130 N.C. 578, 41 S.E. 784, and *Cromartie v. Comrs.,* 85 N.C. 211.

And then the Court went on to say: "Criminal contempt is a term applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. C.S. 978" (now G.S. 5-1), "Civil contempt is a term applied where the proceeding is had 'to preserve and enforce the rights of private parties

to suits and to compel obedience to orders and decrees made for the benefit of such parties.' 12 Am. Jur., Contempt, Sec. 6. Resort to this proceeding is common to enforce orders in the equity jurisdiction of the Court, orders for the payment of alimony, and in like matters. In North Carolina, such proceeding is authorized by statute, C.S. 985," (now G.S. 5-8).

And the Court continued by saying: "The contempt with which we are dealing in the present case falls within the latter category and is unaffected by C.S. 981," (now G.S. 5-4), "prescribing a thirty day limit to imprisonment for contempts falling within the provisions of preceding sections," citing *Green v. Green, supra; Cromartie v. Comrs., supra; Thompson v. Onley,* 96 N.C. 9, 5 S.E. 120.

Moreover, the Court added that "one who is imprisoned for contempt in an alimony case need not serve indefinitely. There are other proceedings under which he might obtain his discharge upon a proper showing. Under this proceeding, however, such relief may not be given."

The language used in *Dyer v. Dyer, supra,* seems clear and understandable. However confusion arises by reason of what is said in the short *Per Curiam* opinion in *Basnight v. Basnight,* 242 N.C. 645, 89 S.E. 2d, 259. This was a contempt proceeding in a civil action for subsistence under G.S. 50-16. The trial court, "on facts found, concluded and adjudged that the defendant is in contempt of court for willful and contumacious failure and refusal to make payments to his wife in compliance with a former order of the court. The judgment decrees that the defendant be confined in jail 'until he shall have complied' with the order, 'or until he is otherwise discharged according to law.' " Defendant appealed. And the opinion in Supreme Court is as follows: "Two members of the Court, Winborne and Higgins, JJ., not sitting, but with Devin, Emergency Justice, participating in lieu of Winborne, J., and the Court being of the unanimous opinion that the judgment entered below is erroneous in directing that the defendant be committed to jail for an indefinite period rather than for thirty days, as prescribed by statute, G.S. 5-4, but with the six sitting members of the Court being evenly divided in opinion whether prejudicial or reversible error otherwise has been shown, the judgment below will be modified so as to limit the defendant's confinement in jail to thirty days. Subject to this modification the judgment is affirmed in accordance with the precedents which require a majority vote to overthrow a judgment of the Superior Court."

Reference to the original record in the *Dyer* case reveals the fact that the question involved on appeal was whether the refusal to pay alimony was civil or criminal contempt. And in the Basnight case the question involved was whether the lower court had found sufficient facts to hold defendant in contempt. It did not present the question as

to the nature of the contempt, whether civil or criminal. However, the proceeding was brought under G.S. 5-1 (4), thereby limiting the scope of remedy to fine and thirty day imprisonment.

In the instant case on former appeal decision turned upon the conclusion that the order attaching plaintiff in contempt was fatally defective in that it was not supported by a finding of fact that the conduct of the plaintiff in failing or refusing to make the payments required by the former order of the court was willful. Therefore the holding there is not interpreted as undertaking to rule on the kind of contempt involved.

The facts in *Dyer* and *Basnight* cases, as in case in hand, make for civil contempts. And the *Dyer* case is not referred to in the *Basnight* case, nor is it differentiated or overruled.

. Therefore, this Court is now constrained to follow the decision in the *Dyer* case, and to hold that the judgment in case in hand in respect to confinement in jail is correct. Error in this respect is not made to appear.

The case will be remanded for further proceeding, however, for error pointed out.

Error and Remanded.


BOBBITT, J., concurring in result: I agree that the cause should be remanded for necessary findings of fact relating to the alleged contempt and also to defendant's motion first made in his affidavit of September 30, 1957, that the amount of the payments previously ordered should be reduced.

Moreover, I accept as correct the broad distinction between civil contempt and criminal contempt set forth in the *per curiam* opinion in *Dyer v. Dyer*, 213 N.C. 634, 197 S.E. 157, and cases cited; but I deem it appropriate to indicate what I consider a further distinction of importance in this and similar cases.

In my opinion, to the extent the defendant is *presently able to pay,* but wilfully fails or refuses to pay, the amount now overdue, imprisonment would be for civil contempt. In such case, the limitations of G.S. 5-4 would not apply; but the defendant could be lawfully confined for such length of time as such wilful contempt continued. To the extent the defendant is *not presently able to pay* the amount now overdue, a different question is presented. In such case, the question is whether he *was able to pay* at the time the payments became due and then wilfully failed or refused to make such payments. In the latter case, the punishment would be for "an act already accomplished," that is, a past rather than a present and continuing contempt. His wilful disobedience in the past to the order of the court, as distinguished from his present wilful disobedience to the order of the court, would, in

my opinion, constitute a criminal contempt for which the permissible punishment would be that prescribed by G.S. 5-4.

It is noted that in *Dyer v. Dyer, supra,* the court found as a fact that defendant's "continued refusal to pay alimony was wilful."

Johnson, J., joins in concurring opinion.