ELIZABETH F. GORRELL, PLAINTIFF v. C. PAUL GORRELL, DEFENDANT.

(Filed 5 May, 1965.)

**Contempt of Court § 3—**

In order to support a commitment for contempt for failure to pay into court sums directed by prior order, the court must find facts in regard to defendant's assets and liabilities and his ability to pay and work, sufficient to support a finding that the failure to pay was wilful.

APPEAL by defendant from *Gambill, J.,* in chambers in GUILFORD.

Action for alimony without divorce.

On June 26, 1964, Judge Gwyn entered an order requiring, *inter alia,* that defendant pay $20.00 each Monday to the office of the Domestic Relations Court for the use of plaintiff *pendente lite.* He further ordered defendant to pay plaintiff's counsel a fee of $125.00. On August 10, 1964, plaintiff filed an affidavit in which she averred that defendant had made no payment. Pursuant to an order to show cause why he should not be adjudged in contempt, on September 8, 1964, defendant appeared with his counsel before Judge Gambill. Plaintiff did not appear. The record discloses the following proceedings only: "The defendant exhibited to the Court the record of his income, showing that he had not been financially able to make the payments required in the order entered by the Hon. Allen H. Gwyn, and that he had not wilfully violated the court order. No further evidence was presented."

On September 11, 1964, Judge Gambill, acting under G.S. 5-8, found that defendant has refused, and still refuses, to make the payments specified in the order of June 26, 1964, "and has failed to show cause why he should not be cited for contempt." He committed defendant to jail, "there to remain" until the sums due under Judge Gwyn's order and the costs of the contempt proceeding "shall be paid" and "until he be thence discharged according to law." From this "warrant for commitment," defendant appeals.

*John F. Comer for plaintiff appellee.*
*Cahoon & Swisher for defendant appellant.*

PER CURIAM. The order attaching defendant for contempt is fatally defective in that it is not supported by a finding of fact that defendant's failure to make the required payments was wilful. "Our decisions uniformly hold that in contempt proceedings it is necessary for the court to find the facts supporting the judgment and especially the facts as to the purpose and object of the contemner, since nothing short of 'willful disobedience' will justify punishment." *Smith v. Smith,* 247 N.C. 223,

225, 100 S.E. 2d 370, 372; *accord, Smith v. Smith*, 248 N.C. 298, 103 S.E. 2d 400; *Yow v. Yow*, 243 N.C. 79, 89 S.E. 2d 867.

Before the court may determine whether a husband's failure to pay is a wilful disobedience of its orders, *i.e.*, done "knowingly and of stubborn purpose," *Lamm v. Lamm*, 229 N.C. 248, 250, 49 S.E. 2d 403, 404, the judge must "find what are his assets and liabilities and his ability to pay and work — an inventory of his financial condition," *Vaughan v. Vaughan*, 213 N.C. 189, 193, 195 S.E. 351, 353.

The order of arrest must be struck. The cause is remanded for further proceedings.

Error and remanded.