DOLLY T. MAUNEY v. DAVID JENNINGS MAUNEY.

(Filed 12 October, 1966.)

**1. Contempt of Court §§ 2, 3—**

There is a material difference between civil contempt, which is a proceeding to preserve and enforce the rights of private parties by compelling obedience to orders and decrees made for the benefit of such parties, G.S. 5-8, and criminal contempt, which is a proceeding to punish an act already

accomplished which tended to interfere with the administration of justice, G.S. 5-1.

**2. Contempt of Court § 6;　Divorce and Alimony § 21—**

Upon the hearing of an order to show cause why defendant should not be held in contempt for failure to make payments of alimony *pendente lite* as decreed by the court, findings of the court that defendant is healthy and able-bodied, had been employed, and has the ability to earn good wages, without finding that defendant presently possessed the means to comply with the order of the court or that at any time during the period in which he was in arrearage he had been able to make said payments, does not support a sentence of confinement in jail for contempt.

APPEAL by defendant from *Martin, S.J.,* April Civil Session 1966 of GASTON.

This action was instituted by plaintiff against the defendant, her husband, on 7 October 1963 for permanent alimony, counsel fees and alimony *pendente lite.* Motion for alimony *pendente lite* was heard by his Honor Harry L. Riddle, Jr. on 22 January 1964, and on said date order was entered requiring defendant to pay alimony *pendente lite* and attorney's fees. On 30 September 1964 plaintiff filed motion alleging defendant was in arrears in his payments of alimony *pendente lite.* A hearing was held before his Honor James F. Latham on 5 October 1964, and he entered an order adjudging that the defendant was not in contempt and requiring defendant to appear before the court during the first non-jury civil session of the Superior Court of Gaston County in January 1965, to show the amount of his income and payments, if any, that he had made in compliance with the former order. Defendant did not appear and on 15 March 1966 was served with order to appear before the court on 5 April 1966 to show cause, if any, why he should not be punished as for contempt. Defendant failed to appear on 5 April 1966 and his Honor, Harry C. Martin, heard the plaintiff's evidence and entered judgment on that date. On the next day defendant appeared and his Honor Harry C. Martin allowed the defendant to present evidence. Whereupon, Judge Martin found that the defendant "is a healthy, able bodied man, 55 years old, presently employed in the leasing of golf carts and has been so employed for many months; that he owns and is the operator of a Thunderbird automobile; that he has not been in ill health or incapacitated since the date of Judge Latham's order entered on the 5th day of October, 1964; that the defendant has the ability to earn good wages in that he is a trained and able salesman, and is experienced in the restaurant business; and has been continuously employed since the 5th day of October, 1964; that since October 5, 1964, the defendant has not made any motion to modify or reduce the support payments." Upon these findings it

was ordered that the defendant pay into the office of the Clerk of Superior Court $3,000 for the use and benefit of the plaintiff, the sum of $250 attorney's fees, and that the defendant be arrested and confined in the Gaston County jail without bond until such time as he complied with the orders of the court.

The defendant offered evidence tending to show that he was unable to make payments pursuant to the orders of the court. The court did not find as a fact that defendant had at any time during the period in which he was in arrearage been able to make said payments.

From the judgment entered, defendant appealed.

*Robert H. Forbes for plaintiff appellee.*
*Frank P. Cooke and Childers & Fowler for defendant appellant.*

BRANCH, J. Civil contempt and criminal contempt are distinguishable. "It is essential to the due administration of justice in this field of the law that the fundamental distinction between a proceeding for contempt under G.S. 5-1 and a proceeding as for contempt under G.S. 5-8 be recognized and enforced. The importance of the distinction lies in differences in the procedure, the punishment, and the right of review established by law for the two proceedings." *Luther v. Luther*, 234 N.C. 429, 67 S.E. 2d 345.

The case of *Dyer v. Dyer*, 213 N.C. 634, 197 S.E. 157, held: "Criminal contempt is a term applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. . . . Civil contempt is a term applied where the proceeding is had 'to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties.' . . . Resort to this proceeding is common to enforce orders in the equity jurisdiction of the court, orders for the payment of alimony, and in like matters. In North Carolina such proceeding is authorized by statute, C.S. 985 (now G.S. 5-8)."

In reaching decision in this case we need only consider the question, Did the trial court make the necessary findings of fact to support the judgment of imprisonment entered?

"A contempt proceeding is *sui generis*. It is criminal in its nature, and (in) that the party is charged with doing something forbidden, and, if found guilty is punished. Yet it may be resorted to in civil or criminal action. . . . In contempt proceedings the facts upon which the contempt is based must be found and filed, especially the facts concerning the purpose and object of the con-

temnor, and the judgment must be founded on these findings." *In re Hege,* 205 N.C. 625, 172 S.E. 345.

A failure to obey an order of a court cannot be punished by contempt proceedings unless the disobedience is wilful, which imports knowledge and a stubborn resistance. "Manifestly, one does not act wilfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered." *Lamm v. Lamm,* 229 N.C. 248, 49 S.E. 2d 403.

Hence, this Court has required the trial courts to find as a fact that the defendant possessed the means to comply with orders of the court during the period when he was in default.

Parker, J. (now C.J.), speaking for the Court in the case of *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867, said: "The lower court has not found as a fact that the defendant possessed the means to comply with the orders for payment of subsistence *pendente lite* at any time during the period when he was in default in such payments. Therefore, the finding that the defendant's failure to make the payments of subsistence was deliberate and wilful is not supported by the record, and the decree committing him to imprisonment for contempt must be set aside." (Citing cases.)

In *Green v. Green,* 130 N.C. 578, 41 S.E. 784, it was held that in proceedings for contempt the facts found by the judge are not reviewable by this Court except for the purpose of passing upon their sufficiency to warrant the judgment. Where the trial judge found that the party was a healthy and able-bodied man for his age, and further found that he could pay at least a portion of the alimony, it was error to imprison him until he should pay the whole amount.

In the case of *Vaughan v. Vaughan,* 213 N.C. 189, 195 S.E. 351, this Court further stressed the necessity of finding as a fact that the plaintiff possessed the means to comply with the orders for payment. Here plaintiff had been ordered to make certain monthly payments for the support of his wife and child. Upon the hearing of an order directing plaintiff to show cause why he should not be held in contempt for failure to comply with the prior order, the trial judge found only that plaintiff was "in contempt of court because of his willful failure and neglect to comply. . . ." This Court found error and remanded, holding that "the court below should take an inventory of the property of the plaintiff; find what are his assets and liabilities and his ability to pay and work — an inventory of his financial condition." The Court has reaffirmed this position as recently as *Gorrell v. Gorrell,* 264 N.C. 403, 141 S.E. 2d 794.

The finding of facts by the trial court in the instant case is not sufficient basis for the conclusion that defendant's conduct was wil-

ful and deliberate, nor for the founding of the judgment entered.

The court entered judgment as for civil contempt, and the court must find not only failure to comply but that the defendant presently possesses *the means* to comply. The judgment committing the defendant to imprisonment for contempt. is not supported by the record and must be set aside.

This case is remanded for further hearing and findings of fact. Error and remanded.