VESTER M. COX v. MARTHA H. COX

No. 7119SC2

(Filed 24 February 1971)

**Contempt of Court § 6; Divorce and Alimony § 23— enforcement of child support order — contempt of court — finding that father presently possesses means to comply with order**

> An order in a contempt hearing which confines a father to jail until he complies with a child support order must find not only that the father's failure to comply with the support order was wilful but also that the father presently possesses the means to comply with the order.

Judge BROCK concurring by separate opinion.

APPEAL by plaintiff from *Copeland, Special Superior Court Judge,* 2 March 1970 Civil Session, RANDOLPH Superior Court.

This matter was heard upon a motion in the cause filed by defendant and an order to show cause why plaintiff should not be held in contempt of court for failure to comply with an order of the Superior Court of Randolph County requiring plaintiff to pay defendant $35.00 each week for the support of the two minor children of the parties. After hearing the evidence of both parties, the court found that plaintiff's admitted failure to comply was wilful, adjudged him to be in contempt and ordered him confined in the Randolph County Jail until he complied with the order. Plaintiff was also ordered to pay the defendant's counsel attorney fees for representing her in the contempt proceeding. Plaintiff appealed.

*John Randolph Ingram for plaintiff appellant.*

*Ottway Burton for defendant appellee.*

VAUGHN, Judge.

The findings of fact material to this appeal are as follows:

> "4. That by admission of the plaintiff and his counsel, the plaintiff is Four Hundred Thirty-Five and 00/100 ($435.00) Dollars in arrears on the payments due under Judge Seay and Judge Lupton's orders for the support of the two minor children and from the evidence, the plaintiff has had sufficient earnings to make said payments."

Cox v. Cox

It appears that plaintiff's contention that the court's findings of fact are insufficient to support the judgment has merit. Our decision is controlled by the opinion by Justice Branch in *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391, where we find the following:

"A failure to obey an order of a court cannot be punished by contempt proceedings unless the disobedience is wilful, which imports knowledge and a stubborn resistance. 'Manifestly, one does not act wilfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered.' *Lamm v. Lamm,* 229 N.C. 248, 49 S.E. 2d 403.

"Hence, this Court has required the trial courts to find as a fact that the defendant possessed the means to comply with orders of the court during the period when he was in default.

"Parker, J. (now C.J.), speaking for the Court in the case of *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867, said: 'The lower court has not found as a fact that the defendant possessed the means to comply with the orders for payment of subsistence *pendente lite* at any time during the period when he was in default in such payments. Therefore, the finding that the defendant's failure to make the payments of subsistence was deliberate and wilful is not supported by the record, and the decree committing him to imprisonment for contempt must be set aside.' (Citing cases.)

" In *Green v. Green,* 130 N.C. 578, 41 S.E. 784, it was held that in proceedings for contempt the facts found by the judge are not reviewable by this Court except for the purpose of passing upon their sufficiency to warrant the judgment. Where the trial judge found that the party was a healthy and able-bodied man for his age, and further found that he could pay at least a portion of the alimony, it was error to imprison him until he should pay the whole amount.

"In the case of *Vaughan v. Vaughan,* 213 N.C. 189, 195 S.E. 351, this Court further stressed the necessity of finding as a fact that the plaintiff possessed the means to comply with the orders for payment. Here plaintiff had been ordered to make certain monthly payments for the

support of his wife and child. Upon the hearing of an order directing plaintiff to show cause why he should not be held in contempt for failure to comply with the prior order, the trial judge found only that plaintiff was 'in contempt of court because of his willful failure and neglect to comply. . . . ' This Court found error and remanded, holding that 'the court below should take an inventory of the property of the plaintiff; find what are his assets and liabilities and his ability to pay and work—an inventory of his financial condition.' The Court has reaffirmed this position as recently as *Gorrell v. Gorrell,* 264 N.C. 403, 141 S.E. 2d 794.

"The finding of facts by the trial court in the instant case is not sufficient basis for the conclusion that defendant's conduct was wilful and deliberate, nor for the founding of the judgment entered.

"The court entered judgment as for civil contempt, and the court must find not only failure to comply but that the defendant presently possesses the means to comply. The judgment committing the defendant to imprisonment for contempt is not supported by the record and must be set aside."

Plaintiff's assignment of error as to the allowance of counsel fees is without merit. See *Blair v. Blair,* 8 N.C. App. 61, 173 S.E. 2d 513.

For the failure to find facts in accord with *Mauney v. Mauney, supra,* the case is remanded for further hearing and findings of fact.

Remanded.

Judge MORRIS concurs.

Judge BROCK concurring.

I concur in the holding of the majority opinion that the judgment of indefinite confinement in this case is not supported by a finding that the husband *presently possesses the means to comply.* Obviously the husband's financial condition will not be enhanced by confining him to jail; and, absent a present capa-

Cox v. Cox

bility to comply, the indefinite confinement order is self-defeating. I am aware that there are instances where the "clanging of the jail door" will suddenly sharpen the memory of a recalcitrant husband so that he will pursue a financial resource that had "slipped his mind." Nevertheless, absent evidence and a finding of present capability to comply, an order indefinitely imprisoning a husband cannot be allowed to stand; our system must not operate on assumed clairvoyance of either the trial or appellate bench.

The purpose of this concurring opinion is to point out that the holding of the majority in this case, and earlier opinions by our Supreme Court, is not to be construed as tying the hands of the trial courts in the enforcement of its support orders.

Committing a husband to jail for an indefinite term, *i.e.,* until he complies with an order for support, is authorized when there is a present and continuing contempt. A present and continuing contempt exists when the husband presently possesses the means to comply, and wilfully fails or refuses to comply. A finding to this effect by the trial judge is necessary to support confinement for an indefinite term.

In situations where the evidence merely establishes that a husband *was able to pay* at the time a payment was required by an order, and that he then wilfully failed or refused to make the payment, the contempt is a past contempt, *i.e.,* an act already accomplished. The statutes and the cases are unclear as to limitation on punishment in proceedings as for contempt under G.S. 5-8. The decision in *Basnight v. Basnight,* 242 N.C. 645, 89 S.E. 2d 259, seems to say that confinement for failure to pay alimony and support is limited by G.S. 5-4 to thirty days. However, the Court in *Smith v. Smith,* 248 N.C. 298, 103 S.E. 2d 400, holding that confinement is not limited by G.S. 5-4, explains that the proceedings in *Basnight* were instituted under G.S. 5-1(4) and consequently the confinement was limited by statute. *Smith* reaffirmed *Dyer v. Dyer,* 213 N.C. 634, 197 S.E. 157, in holding that a present and continuing contempt may be punished by indefinite confinement, but the concurring opinion by Bobbitt, J. (now Chief Justice), joined in by Johnson, J., would limit confinement to thirty days under G.S. 5-4 for a past contempt. Also the last paragraph of the opinion in *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391, strongly indicates

that a judgment as for civil contempt must contain a finding of present capability. The cases seem to hold that a finding of a past contempt would be a finding of criminal contempt, for which punishment is limited by G.S. 5-4.

However, since the above cases were decided the legislature has extensively rewritten Chapter 50 of the General Statutes and specifically has made provisions for enforcement of orders for alimony, support and custody. G.S. 50-16.7(j) provides: "The wilful disobedience of an order for the payment of alimony or alimony *pendente lite* shall be punishable as for contempt as provided by G.S. 5-8 and G.S. 5-9." In a like manner G.S. 50-13.4(f) (9) provides: "The wilful disobedience of an order for the payment of child support shall be punishable as for contempt as provided by G.S. 5-8 and G.S. 5-9." Punishment for wilful disobedience of an order providing for custody of a minor child is likewise "punishable as for contempt." G.S. 50-13.3(a).

The legislature has clearly provided that punishment for wilful violation of orders for alimony, support and custody shall be *as for contempt* as provided by G.S. 5-8 and G.S. 5-9. These new statutes clearly eliminate the use of G.S. 5-1 in alimony, support, and custody cases, therefore the thirty day limitation on punishment as provided in G.S. 5-4 has no application to such proceedings, whether the contempt is present and continuing, or whether it is a past contempt. Nevertheless, *indefinite* confinement for failure to pay alimony or support is not authorized unless there is the finding of present capability to comply.