DOROTHY N. ROBERSON v. WILLARD ROBERSON

No. 789DC281

(Filed 6 March 1979)

1. Trial § 57— trial without jury—argument by counsel discretionary

In a trial without a jury, argument of counsel is a privilege, not a right, which is subject to the discretion of the presiding judge.

2. Divorce and Alimony § 21.3— alimony order—ability to pay

Defendant's contention that the trial court erred in concluding that defendant willfully violated a judgment of the court ordering defendant to pay certain sums as alimony because defendant was financially unable to pay and therefore not in willful disobedience of the order is without merit where the court made a specific finding of ability to pay which was supported by competent evidence.

3. Divorce and Alimony § 21.5— willful violation of alimony order—punishment as for contempt—imprisonment until compliance proper

Since punishment for willful violation of orders for alimony is as for contempt as provided by G.S. 5-8 and G.S. 5-9 and since the court found that defendant was capable of complying with the court's order of alimony, the court did not exceed its authority in ordering defendant confined for a term of four months in jail or until he purged himself of the contempt violation.

APPEAL by defendant from Allen (Claude W.), Judge. Judgment entered 29 November 1977 in District Court, VANCE County. Heard in the Court of Appeals 15 January 1979.

Defendant appeals from an order of the district court finding that he willfully and without just cause violated a judgment of the court entered 19 August 1977. The judgment ordered that defendant pay into the Clerk of Superior Court $480.29 for maintenance of the house occupied by the plaintiff and $200 for plaintiff's attorney's fees within 10 days of the entry of judgment.

A hearing was conducted 21 October 1977, upon an order directing defendant to show cause why he should not be attached for contempt of the court's prior orders. Plaintiff and defendant both appeared represented by counsel.

The plaintiff produced evidence which tended to show that defendant had failed to pay into the Clerk of Superior Court the $480.29 and $200 as ordered 19 August 1977.

The defendant produced evidence tending to show that his wrecker and automobile repair service grossed between $1200 and $1500 per month, and netted between $800 and $1000. Defendant testified that his debts and other expenses cost as much as an additional $1000 per month. He testified that his wife had helped him meet payments required by earlier court orders, but that he was now unable to raise sufficient funds to make the payments.

At the conclusion of defendant's evidence, the request of defendant's counsel to be allowed to speak in behalf of the defendant was denied.

The trial court, after finding that defendant willfully refused to obey the court order of 19 August 1977, ordered that defendant be confined in the common jail of Vance County for the term of four months or until defendant shall purge himself of the contempt violation by paying the required sums of money into the Clerk of Superior Court. Defendant appeals.

*Hight, Faulkner & Hight, by Henry W. Hight, Jr., for plaintiff appellee.*

*Kermit W. Ellis, Jr., for defendant appellant.*

MORRIS, Chief Judge.

[1] It is a well-established principle of trial practice that control over the arguments of counsel is largely within the discretion of the presiding judge. *See Rupert v. Rupert,* 15 N.C. App. 730, 190 S.E. 2d 693 (1972), *cert. denied,* 282 N.C. 153, 191 S.E. 2d 759 (1972). Indeed, the power of the trial judge is to maintain absolute control of his courtroom is essential to the maintenance of proper decorum and the effective administration of justice. "It may still be said that the judge *holds* his court as a driver holds the reins

Roberson v. Roberson

(Webster), to govern, guide restrain, except where he is himself restrained by law." *State v. Miller,* 75 N.C. 73, 74 (1876). The only manner in which the trial judge is restrained by law with respect to the control over arguments by counsel is found in G.S. 84-14 which applies to *jury trials* in the superior court. This provision would seem to control district court proceedings, when applicable, by virtue of G.S. 7A-193, despite the fact that there is no specific reference to G.S. 84-14 in that section. The implication is clear that the legislature's failure to grant counsel the statutory right to argue to the court in nonjury matters left the authority to refuse to hear arguments within the discretion of the presiding judge.

We have not been cited to nor have we located any precise North Carolina authority to support our conclusion that counsel does not have an absolute right to argue in a civil, nonjury case. The courts in several sister states have, after addressing this precise question, reached varying results. *See* Annot., 38 A.L.R. 2d 1396 (1954). We concur in the reasoning of those cases which stand for the proposition that, in a trial without a jury, argument of counsel is a privilege, not a right, which is subject to the discretion of the presiding judge. *See* Annot., 38 A.L.R. 2d at 1431-1434. In fact, the reasoning followed by the Court in *Dam v. Bond,* 80 Cal. App. 342, 251 P. 818 (1926), parallels the reasoning we have followed in reaching our conclusion. That court reasoned that whereas the statutes providing the right of counsel to argue to the jury referred solely to jury trials, and whereas those statutes relating to nonjury trials were silent with respect to the right to argue to the court, the granting to counsel of the privilege to argue was left within the discretion of the trial judge. Numerous other courts have also held that the opportunity to argue to the *court* is a privilege subject to the discretion of the trial judge. *See generally* Annot., 38 A.L.R. 2d at 1431-1434 (§ 5(h)) (and Later Case Service). *Contra, see generally id.* at 1419 (and Later Case Service).

[2] The defendant next assigns as error the trial court's conclusion that he "did willfully and without just cause violate the same Judgment entered on August 19, 1977." It is defendant's position that the evidence indicates that he is financially unable to carry out the order of the court and therefore he is not in willful disobedience of the order.

The trial court made the following findings of fact:

"9. That the defendant is an able-bodied man, capable of earning a living and in fact has a take-home pay of between $800.00 and $1,000.00 a month."

The court then concluded as a matter of law:

"That the defendant is an able-bodied man, capable of earning a living, who in fact has a take-home pay of between $800 and $1,000 per month, this being sufficient earning capacity with which to have made the payments under the prior order of the Court dated August 19, 1977."

The evidence reproduced in the record is brief and consumes less than three full pages. The only evidence bearing significantly on defendant's ability to pay which is not recited in the trial court's judgment is defendant's testimony that his expenses "cost as much as an additional $1,000.00 per month."

Upon review of an order to enforce payment of alimony, there must be a particular finding, supported by competent evidence, of ability to pay during the period of delinquency. *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391 (1966); *Gorrell v. Gorrell,* 264 N.C. 403, 141 S.E. 2d 794 (1963). The trial court has made a specific finding of ability to pay and the finding is supported by competent evidence. This assignment of error is overruled.

[3] Finally, plaintiff contends that the trial court exceeded its authority in ordering defendant confined for a term of four months in jail or until he purges himself of the contempt violation. He notes that G.S. 50-13.4(f)(9) directs that contempt proceedings be brought under G.S. 5-8 and 5-9. Furthermore, asserts defendant, G.S. 5-4, which provides for punishment for contempt, limits sanctions to a fine not exceeding $250 or imprisonment not exceeding 30 days, or both.

Defendant's very contention was addressed in a concurring opinion by Judge Brock (now Associate Justice Brock of our Supreme Court) in *Cox v. Cox,* 10 N.C. App. 476, 179 S.E. 2d 194 (1971):

"Committing a husband to jail for an indefinite term, *i.e.,* until he complies with an order for support, is authorized when

there is a present and continuing contempt. A present and continuing contempt exists when the husband presently possesses the means to comply, and wilfully fails or refuses to comply. A finding to this effect by the trial judge is necessary to support confinement for an indefinite term." 10 N.C. App. at 479, 179 S.E. 2d at 197.

After reciting a brief history of the development of the case law with respect to subsequent legislative enactments rewriting Chapter 50 of the General Statutes, he concluded:

"The legislature has clearly provided that punishment for wilful violation of orders for alimony, support and custody shall be *as for contempt* as provided by G.S. 5-8 and G.S. 5-9. These new statutes clearly eliminate the use of G.S. 5-1 in alimony, support, and custody cases, therefore the thirty day limitation on punishment as provided in G.S. 5-4 has no application to such proceedings, whether the contempt is present and continuing, or whether it is a past contempt. Nevertheless, *indefinite* confinement for failure to pay alimony or support is not authorized unless there is the finding of present capability to comply." 10 N.C. App. at 480, 179 S.E. 2d at 197.

The judgment and order of the district court enforcing its prior judgment is

Affirmed.

Judges MARTIN (Harry C.) and CARLTON concur.