ANNE MARLETTE TEACHEY v. WILLIAM GRANGER TEACHEY

No. 7921DC902

(Filed 15 April 1980)

1. **Divorce and Alimony § 24.4— enforcement of child support order—civil contempt**

    Defendant may be punished for civil contempt by imprisonment until he complies with a child support order only if he has the present ability to comply with the order or the present ability to take reasonable measures that will enable him to comply with the order.

2. **Divorce and Alimony § 24.4— arrearage in child support—imprisonment until payment—insufficient findings**

    The trial court erred in ordering that defendant be imprisoned for civil contempt until he paid a $4825 arrearage in court ordered child support payments where the court found only that "defendant has possessed the means with which to comply with the Order for child support subsequent to the date said Order was registered in the State of North Carolina" but made no finding that defendant had the present ability to pay the arrearage by either making immediate payment or by taking reasonable measures to pay the arrearage, such as borrowing the money, selling certain property, or liquidating other assets.

APPEAL by defendant from *Freeman, Judge.* Order signed 14 June 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 26 February 1980.

Defendant appeals from an order imprisoning him for civil contempt for failing to comply with the terms of a support order for his minor children. The order was based upon a South Carolina judgment for support which was registered with the Clerk of Superior Court of Forsyth County pursuant to the Uniform Reciprocal Enforcement of Support Act, N.C.G.S. Chapter 52A.

At the hearing, defendant and his counsel were present and the parties stipulated defendant was $4,825 in arrears through June 1979. The court concluded defendant was in willful contempt and ordered his imprisonment until he paid the sum of $4,825 to the clerk of superior court or was otherwise released according to law.

*Pfefferkorn & Cooley, by David C. Pishko, for plaintiff appellee.*

*House, Blanco & Randolph, by Clyde C. Randolph, Jr., and Reginald F. Combs, for defendant appellant.*

MARTIN (Harry C.), Judge.

This contempt proceeding is governed by N.C.G.S. 5A-21(a) which provides in pertinent part: "Failure to comply with an order of a court is a continuing civil contempt as long as: . . . (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order."

The trial court found as a fact that "[d]efendant has possessed the means with which to comply with the Order for child support subsequent to the date said Order was registered in the State of North Carolina, December 14, 1978." Defendant excepted to this finding and argues the evidence does not support it. This finding is essential to a valid contempt order.

Hence, this Court has required the trial courts to find as a fact that the defendant possessed the means to comply with orders of the court during the period when he was in default.

. . . .

. . . the court must find not only failure to comply but that the defendant presently possesses *the means* to comply. *Mauney v. Mauney*, 268 N.C. 254, 257-58, 150 S.E. 2d 391, 393-94 (1966) (emphasis in original).

"Manifestly, one does not act willfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered." *Lamm v. Lamm*, 229 N.C. 248, 250, 49 S.E. 2d 403, 404 (1948). To support a finding of willfulness, there must be evidence to establish as an affirmative fact that defendant possessed the means to comply with the order for support at some time after the entry of the order. *Id.*

[1] Where the evidence supports a finding that defendant did have the ability to comply with a support order at some time while it was effective but failed to do so, the question remains whether he can be punished for civil contempt by imprisonment until he complies with the order, or whether his behavior is only punishable as criminal contempt by imprisonment for a maximum of thirty days. The answer lies in the above quoted portion of N.C.G.S. 5A-21. For civil contempt to be applicable, the defendant must be able to comply with the order or take reasonable measures that would enable him to comply with the order. We hold this means he must have the present ability to comply, or the present ability to take reasonable measures that would enable him to comply, with the order. Mauney, *supra.* The Official Commentary on the statute, 1979 Cumulative Supplement to Volume 1B, supports this view. In it we find:

> Subsections (a) and (b) make clear that civil contempt is appropriate only so long as the court order is capable of being complied with. . . . [B]y specifying that the contempt continues while the person is "able to take reasonable measures that would enable him to comply," is intended to make clear, for example, that the person who does not have the money to make court-ordered payments but who could take a job which would enable him to make those payments, remains in contempt by not taking such a job. In most cases, a person in civil contempt may be held for so long as his civil contempt continues; he holds the keys to his own jail by virtue of his ability to comply.

Insurance Co. v. Plastics Corp.

[2]  In this case, the court failed to find facts that defendant had the present ability to pay the arrearage of $4,825 by either making immediate payment or by taking reasonable measures, such as borrowing the money, selling defendant's mountain property in Virginia, or liquidating other assets, in order to pay the arrearage. The finding by the court quoted above falls short of a finding of present ability to comply as contemplated under N.C.G.S. 5A-21(a) and will not support the order of civil contempt.

The order must be vacated and the case remanded to the District Court of Forsyth County for further proceedings.

Vacated and remanded.

Judges PARKER and HILL concur.