BETTY DAUGHERTY v. FREDERICK DAUGHERTY

No. 8228DC421

(Filed 17 May 1983)

**Divorce and Alimony § 24.4— failure to pay child support—civil contempt proceedings—failure to find whether defendant able to employ counsel—no error**

The trial court did not err in failing to find whether defendant desired and was able to employ counsel in a civil contempt proceeding where defendant was found to be in arrears in child support payments since (1) the proceeding was simple and uncomplicated, (2) defendant had an opportunity to carefully explain his position, and where (3) the record clearly showed the defendant's earnings were somewhat above the poverty level and that he had been before the court on several prior occasions because of his delinquencies in making the payments.

APPEAL by defendant from *Israel, Judge.* Order entered 11 December 1981 in District Court, BUNCOMBE County. Heard in the Court of Appeals 8 March 1983.

In this reciprocal child support, civil contempt proceeding, the defendant was ordered to show cause why he should not be held in contempt for disobeying a previous order to pay $80 a month toward the support of his minor child by his first marriage. At the hearing, upon defendant's admission that he had been regularly employed at wages of $835 a month, but had made no support payment at all for five months, and only partial payments many other months, the judge found him in contempt and entered an order confining him to jail for thirty days, unless the defendant purged himself before then by paying the arrearage due.

*Attorney General Edmisten, by Associate Attorney John W. Lassiter, for the State.*

*Whalen, Hay & Cash, by Gary S. Cash, for defendant appellant.*

PHILLIPS, Judge.

Defendant, who appeared at the contempt hearing without counsel, first cites as error the court's failure to ascertain and find whether defendant desired and was able to employ counsel, and whether the assistance of counsel was necessary for a proper presentation of his case. According to the record, the defendant's

possible indigency and possible need of and desire for court-appointed counsel were not mentioned by defendant or anyone else. The contention is that the court's failure to initiate inquiries about and resolve these matters was manifest prejudicial error as a matter of law. We disagree.

Though due process does require appointment of counsel for indigents in *some* nonsupport, civil contempt proceedings, in other such proceedings counsel need not be supplied. Counsel must be furnished indigents only in those proceedings "where assistance of counsel is necessary for an adequate presentation of the merits, or to otherwise ensure fundamental fairness." *Jolly v. Wright,* 300 N.C. 83, 93, 265 S.E. 2d 135, 143 (1980). This was not such a proceeding. Instead, it was about as simple a proceeding of this kind as ever arises. The District Attorney did not participate in it; the failure to pay as directed could not be disputed; no formal evidentiary processes, complicated or otherwise, were involved; no witness appeared against the defendant, who was afforded the opportunity to present any information that he wanted to to the judge, and did so without interference. Had a lawyer been there he would have had no occasion to cross-examine anyone or object to anything. The only thing that the situation permitted or required was for the defendant to explain his failure to pay. The record shows that he did that about as well as anyone could have under the circumstances that existed. What his explanation amounted to was that: His gross monthly earnings of $835 were all needed by his subsequently-acquired family, which included a wife, two new children, and his wife's child by a former marriage, and he was therefore unable to pay $80 a month toward the support of the child of his first marriage as the court had directed. Neither the record not appellant's brief contains anything that causes us to even suspect that this old, familiar, and unavailing story could have been improved upon, or presented any better, if the defendant had had counsel. Thus, the court's failure to determine whether he needed, wanted, or could afford to employ counsel was neither erroneous nor legally harmful to the defendant.

But even if the proceeding had been more complex and defendant needed the assistance of counsel in connection with it, under the circumstances that existed here, the judge's failure to raise and answer the ability to employ counsel question on his

own initiative would not have been error, in our opinion. Since the defendant's earnings were somewhat above the poverty level and he had been before the court on several prior occasions because of his delinquencies in making the payments, the judge had a right to assume, we think, that if the defendant thought he was eligible for the court's assistance in obtaining counsel and wanted it, that he would inform the court accordingly. Relative thereto, it is perhaps not without significance that in appealing to this Court, defendant obtained counsel on his own initiative and that the appeal is not in forma pauperis.

The defendant's other contention, that the Court erred by failing to explicitly find that the defendant was capable of complying with the order, is likewise without merit. Though, in matters of this kind, such a finding is always appropriate and under some circumstances necessary, *Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966), when the evidence plainly shows, as it does here, that the defendant was capable of complying with the order, the absence of such a finding is immaterial. *Lee v. Lee*, 37 N.C. App. 371, 246 S.E. 2d 49 (1978). The defendant's capacity to comply with the order was clearly established by his own evidence, which showed that his gross monthly earnings were ten times the amount of the small payments required of him and that he had no legally acceptable excuse for not making them. Thus, the conclusion that defendant's failure to comply with the order was wilful was not only justified, it was inevitable.

The order appealed from is therefore

Affirmed.

Judges ARNOLD and BECTON concur.