ANITA HODGES v. CLARENCE DON HODGES, JR.

No. 8219DC1051

(Filed 18 October 1983)

1. **Constitutional Law § 23— civil contempt for nonsupport—no due process right to counsel**

   There was no error in the court's failure to appoint counsel for defendant at his civil contempt hearing for nonsupport of his child. G.S. 5A-21.

2. **Divorce and Alimony § 24.9— civil contempt proceeding for nonsupport—error in failing to find defendant's present ability to pay**

   In a civil contempt proceeding for nonsupport of a minor child, the trial court erred in failing to find defendant presently had the means to comply with the order to make child support payments, and the evidence was otherwise insufficient to plainly show that defendant was capable of complying with the court's order.

APPEAL by defendant from *Neely, Judge.* Order entered 27 July 1982 in District Court, RANDOLPH County. Heard in the Court of Appeals 26 August 1983.

On 13 July 1982, a hearing was held to determine whether defendant was in civil contempt for failing to comply with an order, entered 11 September 1981, requiring child support payments. Defendant's request that a lawyer be appointed to represent him was denied. Defendant told the trial judge that he had not made child support payments from September 1981 through June 1982 because of surgery in July 1981, a December 1981 layoff from his job, and June 1982 surgery to remove a cancerous growth. The trial judge continued the case until 27 July 1982 to

allow defendant "to obtain medical records and records showing efforts he has made to obtain unemployment compensation and Social Security payments."

On 27 July 1982, the continued hearing was held, with the same trial judge presiding and the plaintiff wife represented by private counsel. The trial judge denied defendant's renewed request for appointed counsel. Defendant represented himself. Defendant's evidence included a letter from a doctor concerning the period before the September 1981 order, a letter from a doctor concerning the June 1982 cancer surgery which did not indicate how long defendant would be disabled, and defendant's own testimony that he was not working presently due to doctor's orders. Defendant presented no evidence as to his attempts to apply for unemployment compensation or Social Security disability benefits. There was no evidence that defendant owned any real or personal property that he could sell to pay the arrearage.

The trial court found, *inter alia*, the following facts: that defendant presented no evidence from his doctors as to his inability to work from 11 September 1981 through 27 July 1982, no evidence of applying for unemployment compensation or Social Security disability benefits, and no evidence of his living expenses or drug bills during this time period. The trial judge also found that defendant was "able-bodied at least during the months of January through June 19th of 1982, and was capable of and had the means or should have had the means" to make his child support payments. The trial judge then concluded that defendant was in civil contempt for his failure to make his child support payments. The order directed that if defendant did not pay $375.00 of the arrearage into the clerk's office by 14 August 1982, he would be imprisoned "until further orders of this Court." From this order, defendant appeals.

*Rodney Mason, for plaintiff-appellee.*

*Central Carolina Legal Services, Inc., by Stanley Sprague, for defendant-appellant.*

EAGLES, Judge.

[1] Defendant's first assignment of error is that the trial court erred in not appointing counsel for defendant at the civil con-

tempt hearing. We find no error. In reaching this result, we are bound by the North Carolina Supreme Court's holding in *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980), that (1) the Sixth Amendment right to counsel is inapplicable to civil contempt because that right is confined to criminal proceedings and (2) due process does not guarantee appointment of counsel in nonsupport civil contempt proceedings.

The Sixth Amendment right to counsel is guaranteed in any criminal prosecution where the defendant may face imprisonment. *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed. 2d 530, 92 S.Ct. 2006 (1972). A civil contempt proceeding is not a criminal prosecution; its purpose is not to punish, but to compel a defendant to comply with an order of the court. *Jolly v. Wright*, 300 N.C. at 92, 265 S.E. 2d at 142. North Carolina's civil contempt statute requires that the court find that the defendant has the present ability to comply with its order before the defendant can be imprisoned. G.S. 5A-21. A defendant who has not made child support payments because he is actually unable to make the payments does not face a loss of liberty. A defendant in a nonsupport civil contempt proceeding can be imprisoned only if he has willfully violated the court order and has the present ability to make the payments. *Henderson v. Henderson*, 307 N.C. 401, 408, 298 S.E. 2d 345, 350 (1983); *Teachey v. Teachey*, 46 N.C. App. 332, 334, 264 S.E. 2d 786, 787 (1980). He can regain his liberty by doing that which the court has ordered him to do and he has the ability to do; i.e., make the payments. This is consistent with the notion that civil contempt is not criminal punishment, but a civil remedy to be utilized exclusively to enforce compliance with court orders. See *Jolly v. Wright, supra.*

When a civil proceeding may result in imprisonment, due process requirements are met by evaluating the necessity for appointed counsel on a case-by-case basis. *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L.Ed. 2d 656, 93 S.Ct. 1756 (1973). The court in *Jolly* held that since nonsupport civil contempt cases usually are not sufficiently complex to necessitate the assistance of counsel, appointment of counsel for indigents is required only "where assistance of counsel is necessary for an adequate presentation of the merits, or to otherwise insure fundamental fairness." *Jolly v. Wright*, 300 N.C. at 93, 265 S.E. 2d at 143; see also, *Daugherty v. Daugherty*, 62 N.C. App. 318, 302 S.E. 2d 664 (1983). A similar ap-

proach is utilized in civil paternity cases when determining whether due process requires appointment of counsel. *Wake County, Ex Rel. Carrington v. Townes,* 306 N.C. 333, 293 S.E. 2d 95 (1982). The instant case presents no unusually complex issues of law or fact which would necessitate the appointment of counsel.

[2] Defendant next assigns as error the trial court's order that defendant be imprisoned if he did not pay $350.00 because the court made no finding that defendant had the present ability to pay the money. We agree that the trial court erred.

G.S. 5A-21 provides that civil contempt is the failure to comply with an order of a court if the individual "is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order." In order to imprison a defendant found in civil contempt, the trial judge must find that the defendant has the present ability to comply or to take reasonable measures to enable him to comply with the order. *Henderson v. Henderson, supra; Teachey v. Teachey, supra.*

The trial judge here found that the defendant was "able-bodied at least during the months of January through June 19th of 1982, and was capable of and had the means or should have had the means" to make his child support payments. The court made no findings that defendant had, on 27 July 1982, the present ability to pay all or part of his arrearage or that he owned any real or personal property that he could sell to pay the arrearage. Our Supreme Court has held that a trial court's findings that a defendant was healthy and able-bodied, had been and was presently employed, had not been in ill-health or incapacitated, and had the ability to earn good wages, without finding that defendant presently had the means to comply, do not support confinement in jail for contempt. *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391 (1968).

This case is unlike *Daugherty v. Daugherty,* 62 N.C. App. 318, 302 S.E. 2d 664 (1983), where, though there was no finding of fact, the evidence plainly showed that defendant was capable of complying with the order. Here, the trial judge made no finding that the defendant presently had the means to comply with the order to make child support payments and the evidence was otherwise insufficient to plainly show that defendant was capable of complying with the court's order.

The order must be vacated and the cause remanded for further proceedings consistent with this opinion.

Vacated and remanded.

Judges WHICHARD and JOHNSON concur.