## McBRIDE v. McBRIDE

[108 N.C. App. 51 (1992)]

---

DONNA McBRIDE, PLAINTIFF-APPELLEE v. TERRY McBRIDE, DEFENDANT-APPELLANT

No. 9122DC922

(Filed 3 November 1992)

**Indigent Persons § 14 (NCI4th)— civil contempt—appointment of counsel—no requirement that court engage in due process complexity analysis**

The trial court is not required to engage in the due process "complexity" analysis in every civil contempt case and then make a determination of whether counsel should be appointed, whether requested or not.

**Am Jur 2d, Contempt § 201.**

**Right to Counsel in contempt proceeding. 52 ALR3d 1002.**

Judge GREENE concurring.

APPEAL by defendant from order entered 7 June 1991 in DAVIDSON County District Court by *Judge George Fuller*. Heard in the Court of Appeals 23 September 1992.

On 12 January 1989, defendant signed a Voluntary Support Agreement in which he agreed to pay $40 a week in child support. That same day, a district court judge signed the agreement, making it a court order. On 10 May 1991, after defendant failed to appear

in court for a civil contempt hearing involving failure to pay child support, a district court judge ordered defendant's arrest. On 7 June 1991, defendant was brought before District Court Judge George Fuller. The materials before us clearly show that the trial court's order now on appeal was for civil contempt growing out of defendant's failure to comply with a previous court order in this civil case. We also note that the trial court's order contained a finding that defendant "Has not just cause for refusing to pay support as heretofore called for, in the cause, and that defendant is in willful contempt of the Court." Defendant represented himself and he neither requested nor was offered counsel. After the hearing, Judge Fuller issued an order which held defendant in custody until he purged himself by paying $1,380.46, the full amount of child support arrearage. On 2 July 1991, defendant gave notice of appeal.

No brief filed for plaintiff-appellee.

Central Carolina Legal Services, Inc., by Stanley B. Sprague, for defendant-appellant.

WELLS, Judge.

Defendant's assignments of error are as follows:

1. It was error for the court to jail Mr. McBride for civil contempt without first evaluating whether he should be appointed an attorney under the standards set forth in Jolly v. Wright, 265 S.E.2d 135, 143 (N.C. 1980).

2. It was error for the court to issue an order jailing Mr. McBride for civil contempt without stating in the order his reasons for refusing to appoint counsel. Record, p. 8, 9.

3. It was error for the court to jail Mr. McBride for civil contempt without first appointing counsel to represent him. Record, p. 8, 9.

Without direct reference to his assignments of error, but generally tracking his assignments, defendant makes the following three arguments:

1. Due Process requires that trial judges actually evaluate the necessity of counsel in civil contempt cases.

McBRIDE v. McBRIDE

[108 N.C. App. 51 (1992)]

2. Due Process requires that trial judges state in their civil contempt orders their grounds for refusing to appoint counsel.

3. Due Process requires appointment of counsel for any indigent defendant in any civil contempt case in which the defendant will be jailed.

We begin our analysis by revisiting *Jolly v. Wright*, 300 N.C. 83, 265 S.E.2d 135 (1980). The factual and legal context of *Jolly* was virtually identical to the case now before us. However, in *Jolly*, there was a pre-trial motion for appointment of counsel, and the trial court's order contained the following finding:

8. That the character of the issues raised by this particular proceeding requiring the Defendant to show cause why he should not be held in civil contempt for failure to comply with the terms of the support order previously entered in this cause are of insufficient complexity for the Defendant to be prejudiced or treated unfairly by the refusal of the Court to appoint him legal counsel.

The holding in *Jolly* speaks for itself, but does not directly address the question of whether, as defendant here argues, that the *trial court* must engage in the due process "complexity" analysis in every civil contempt case and then make a determination of whether counsel should be appointed, whether requested or not.

The question was indirectly before this Court in *Hodges v. Hodges*, 64 N.C. App. 550, 307 S.E.2d 575 (1983). There, defendant's request for counsel was denied, but apparently the trial court did not engage in the due process "complexity" analysis. In affirming the trial court's denial of counsel, *this Court* made the analysis, to wit: "The instant case presents no unusually complex issues of law or fact which would necessitate the appointment of counsel."

*Daugherty v. Daugherty*, 62 N.C. App. 318, 302 S.E.2d 664 (1983) presented the same question. This Court responded as follows:

Defendant, who appeared at the contempt hearing without counsel, first cites as error the court's failure to ascertain and find whether defendant desired and was able to employ counsel, and whether the assistance of counsel was necessary for a proper presentation of his case. According to the record, the defendant's possible indigency and possible need of and desire for court appointed counsel were not mentioned by de-

fendant or anyone else. The contention is that the court's failure to initiate about and resolve these matters was manifest prejudicial error as a matter of law. We disagree.

The *Daugherty* Court engaged in the same "after the fact" analysis made by the *Hodges* Court, and upheld the trial court's order of civil contempt.

We are persuaded that both *Hodges* and *Daugherty* require us to reject all of defendant's arguments in this case, and therefore affirm the order below. The stay order pending the outcome of this appeal is vacated and the order of arrest and confinement shall be given immediate effect upon the certification of this opinion to the trial court.

Affirmed and remanded.

Judge ORR concurs.

Judge GREENE concurs in separate opinion.

Judge GREENE concurring.

The character of the relief ordered by the trial court is the dispositive distinction between criminal and civil contempt, and because the trial court ordered defendant incarcerated, but provided for defendant's release from jail upon payment of the amount of arrearage owed, I agree with the majority that the proceeding was one for civil contempt. *See Bishop v. Bishop*, 90 N.C. App. 499, 504-05, 369 S.E.2d 106, 108-09 (1988) (contempt order is remedial and coercive and thus civil in character if the contemnor may avoid or terminate his imprisonment by performing some act required by the court). I write separately to emphasize that the trial court failed to make a finding that defendant has the present ability to comply with the court order, and there is no evidence in the record to support such a finding. Under these circumstances, the lack of the required finding is reversible error. *See Adkins v. Adkins*, 82 N.C. App. 289, 293, 346 S.E.2d 220, 222 (1986) (trial court in civil contempt proceeding must find that the alleged contemnor has the present ability to comply with the court order); *Hodges v. Hodges*, 64 N.C. App. 550, 553, 307 S.E.2d 575, 577-78 (1983) (failure to make finding that alleged contemnor has present ability to pay reversible error when there is no evidence in the

record to support such a finding). However, defendant has failed to properly preserve this issue for appeal, *see* N.C.R. App. P. 10 (1992) (scope of appellate review confined to a consideration of those assignments of error properly set out in the record on appeal), and I respect the majority's decision not to exercise its discretion under N.C.R. App. P. 2 to suspend the rules in order to address the issue.