An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-45

NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

COUNTY OF FORSYTH by and through the
FORSYTH COUNTY DEPARTMENT OF SOCIAL
SERVICES on behalf of CHILD SUPPORT
RECIPIENT,
     Plaintiff

v.

Forsyth County
Nos. 11 CVD 3167-68

RICKY CANTERBURY,
     Defendant


Appeal by defendant from order entered 22 October 2013 by Judge David Sipprell in Forsyth County District Court.  Heard in the Court of Appeals 22 May 2014.


> *Forsyth County District Attorney James R. O'Neill, by Assistant District Attorney Theodore Kazakos, for Plaintiff-Appellee (no brief).*
>
> *Mary McCullers Reece for Defendant-Appellant.*


ERVIN, Judge.


Defendant Ricky Canterbury appeals from an order finding him in civil contempt on the basis of his failure to comply with previous child support orders and ordering that Defendant be imprisoned in the Forsyth County Jail pending the making of a

$467.00 purge payment. On appeal, Defendant contends that the orders requiring him to appear and show cause why he should not be held in contempt did not provide him with sufficient notice of the manner in which he was alleged to have violated the existing child support orders and that the trial court failed to make sufficient findings supported by competent evidence relating to the issue of whether Defendant had the ability to pay the required child support. After careful consideration of Defendant's challenge to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed.

## I. Factual Background

### A. West Virginia Order

On 13 August 1982, the Circuit Court of Logan County, West Virginia, issued a decree granting Donna Williams a divorce from Defendant, awarding custody of the couple's five year old daughter to Ms. Williams, and requiring Defendant to pay $300.00 per month in child support. On 14 July 2010, the West Virginia child support order was registered in Davidson County. On 7 September 2010, Judge Wayne L. Michael entered an order confirming the registration of the West Virginia order and requiring Defendant to pay a current support amount of $300.00 per month and an arrearage of $68,394.13.

On 17 September 2010, the Davidson County Child Support Enforcement Office filed a motion seeking the issuance of an order requiring Defendant to show cause why he should not be held in contempt for failing to pay required child support. On the same date, the Clerk of Superior Court of Davidson County entered an order requiring Defendant to appear and show cause why he should not be held in contempt for failing to make required child support payments. On 3 November 2010, the Davidson County Child Support Enforcement Office filed a motion seeking the entry of an order requiring Defendant to appear and show cause why he should not be held in contempt for failing to pay required child support. On the same date, the Clerk of Superior Court of Davidson County entered an order requiring Defendant to appear and show cause why he should not be held in contempt for failing to make required child support payments. On 7 January 2011, Judge Mary Covington entered an order finding Defendant in civil contempt for failing to make required child support payments and ordering Defendant to comply with the previous child support orders and be subject to wage withholding. On 22 April 2011, Judge Rodwell Penry entered an order changing the venue for the case relating to Defendant's obligations under the West Virginia order from Davidson County to Forsyth County.

## B. Ohio Order

On 9 April 2008, Deborah Trickel obtained a judgment in the Cuyahoga County Court of Common Pleas in Ohio in which Defendant was ordered to pay $164.37 per month in support for the parties' minor child. On 14 July 2010, the Ohio order was registered in Davidson County. On 7 September 2010, Judge Michael entered an order confirming the registration of the Ohio order and ordering Defendant to pay a current support amount of $167.66 and an arrearage of $10,421.08.

On 17 September 2010, the Davidson County Child Support Enforcement Office filed a motion seeking the issuance of an order requiring Defendant to show cause why he should not be held in contempt for failing to make required child support payments. On the same date, the Clerk of Superior Court of Davidson County entered an order requiring Defendant to appear and show cause why he should not be held in contempt for failing to make required child support payments. On 3 November 2010, the Davidson County Office of Child Support Enforcement filed a motion seeking the entry of an order requiring Defendant to show cause why he should not be held in contempt for failing to pay required child support. On the same date, the Clerk of Superior Court of Davidson County entered an order requiring Defendant to appear and show cause why he should not be held in contempt for

failing to make required child support payments. On 7 January 2011, Judge Covington entered an order finding Defendant in civil contempt for failing to make required child support payments and ordering that Defendant comply with previous child support orders and be subject to wage withholding. On 22 April 2011, Judge Penry entered an order changing the venue for the case relating to the enforcement of the Ohio support order from Davidson County to Forsyth County.

### C. Consolidated Enforcement Proceeding

On 5 March 2013, the office of the District Attorney filed motions on behalf of the Forsyth County Child Support Enforcement Office seeking the entry of an order in the cases relating to the West Virginia and Ohio orders requiring Defendant to show cause why he should not be held in contempt for failing to make required child support payments. On 16 July 2013, the Clerk of Superior Court of Forsyth County entered orders requiring Defendant to appear and show cause why he should not be held in contempt for failing to pay required child support. The show cause order relating to the support that Defendant owed under the West Virginia order asserted that Defendant owed an arrearage of $65,747.42 and that $900.00 was owed under the "last order," while the show cause order relating to the support that Defendant owed under the Ohio order asserted

that Defendant owed an arrearage of $8,947.77 and that $2,171.00 was owed under the "last order," with both of these amounts calculated as of 1 July 2013. In addition, both motions asserted that:

> The undersigned finds that there is probable cause to believe that you are in contempt for failure to comply with the order(s) of this Court and/or you have failed to comply with other provisions of the order indicated below. Your account is now in arrears in the amount indicated below. Additional payments may be due prior to the hearing date.

On 1 October 2013, the cases in which Defendant had been required to show cause why he should not be held in contempt for failing to make child support payments required under the West Virginia and Ohio orders came on for hearing before the trial court. At the beginning of the hearing, Defendant made an unsuccessful motion to dismiss the show cause orders on the ground that they failed to "state a time period for which the Defendant was non-compliant." On 22 October 2013, the trial court entered a consolidated order finding Defendant in wilful contempt for failing to make the child support payments required under the West Virginia and Ohio orders and committing Defendant to the custody of the Sheriff of Forsyth County pending the making of a $467.00 purge payment. Defendant noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

In his second challenge to the trial court's order, Defendant contends that the trial court erred by finding him in contempt on the grounds that the trial court failed to make required findings of fact and that, had the trial court made the required findings, those findings would have lacked adequate evidentiary support. More specifically, Defendant argues that the trial court failed to find that Defendant had the present ability to comply with the West Virginia and Ohio support orders and that the record is devoid of any evidence tending to show that he had either the present ability to comply with the provisions of the prior support orders or to take meaningful steps to come into compliance with those orders. Defendant's contention has merit.

"The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997) (citing *Koufman v. Koufman*, 97 N.C. App. 227, 230, 388 S.E.2d 207, 209 (1990), *rev'd on other grounds*, 330 N.C. 93, 408 S.E.2d 729 (1991)).

> Failure to comply with an order of a court is a continuing civil contempt as long as:
>
> (1) The order remains in force;

> (2) The purpose of the order may still be served by compliance with the order;
>
> (2a) The noncompliance by the person to whom the order is directed is willful; and
>
> (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a). In other words, a necessary prerequisite for the entry of an order finding a litigant in civil contempt is the making of findings and the existence of evidence that the defendant has "the present ability to comply, or the present ability to take reasonable measures that would enable him to comply, with the order." *Teachey v. Teachey*, 46 N.C. App. 332, 334, 264 S.E.2d 786, 787 (1980). In light of this principle, "a trial court's findings that a defendant was healthy and able-bodied, had been and was presently employed, had not been in ill-health or incapacitated, and had the ability to earn good wages, without finding that defendant presently had the means to comply, do not support confinement in jail for contempt." *Hodges v. Hodges*, 64 N.C. App. 550, 553, 307 S.E.2d 575, 577 (1983) (citing *Mauney v. Mauney*, 268 N.C. 554, 257-58, 150 S.E.2d 391, 394 (1968)).

A careful examination of the trial court's order provides no indication that the trial court ever found that Defendant had the present means to comply with the relevant child support orders. In its order, the trial court found that "Defendant has the means and ability to comply with the prior orders in that during the period of non-compliance the Defendant was sporadically employed and even though employed the Defendant made no payments toward his child support arrears obligation." In focusing upon some not clearly specified period in the past, the trial court failed to address the extent to which Defendant currently had the ability to comply with his obligations under the applicable support orders. Moreover, although the record does contain some evidence tending to show that Defendant had been sporadically employed in the relatively recent past, the record is totally devoid of any information concerning the amount that Defendant had earned or the extent of his other financial obligations. As a result, the trial court did not find, and the record does not contain any evidence tending to show, that Defendant "has the present ability to comply" with the relevant support orders.

Although the trial court did find that Defendant had "the ability to take reasonable measures in order to comply with the previous orders of the Court," this finding lacks adequate

evidentiary support. According to an unsworn statement by Defendant's attorney, Defendant was "currently not working." In addition, Defendant's caseworker stated Defendant "was working some last quarter and no payments were made when he was working." Simply put, the record before us in this case provides no basis for a determination that Defendant had the ability to either comply with the existing support orders or to take reasonable steps to come into compliance with those orders. As a result, given the absence of any evidentiary support for a determination that "[t]he person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order," N.C. Gen. Stat. § 5A-21(a)(3), the trial court lacked the authority to hold Defendant in civil contempt.[1]

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the record did not support a determination that Defendant had the present ability to comply with or to take meaningful steps to come into compliance with the West Virginia and Ohio support orders. As a result, the trial court's order should be, and hereby is, reversed.

[1]In light of our determination that the record did not support the trial court's contempt decision, we need not address Defendant's challenge to the sufficiency of the notice that he received in advance of the contempt hearing.

REVERSED.

Judges ROBERT N. HUNTER, Jr., and DAVIS concur.

Report per Rule 30(e).